Common Pleas Court of Hamilton County.

IN RE ESTATE OF ELROY JORDAN.

Decided December 21, 1932.

*Samuel Rotter*, attorney for guardian.
*Clark & Robinson*, attorneys for administrator.

SCHWAB, J.

This action comes to this court on appeal from an order of the Probate Court of Hamilton County, Ohio, overruling a motion for the removal of Charles H. McDonald, Administrator of the estate of Elroy Jordan, a minor. The motion in the Probate Court was filed on behalf of the heirs-at-law and next of kin of the said Elroy Jordan. The undisputed facts in the case are as follows:

On May 14, 1929, Charles H. McDonald was appointed administrator of the estate of Elroy Jordan, a minor, deceased. The estate consisted of a claim for wrongful death. The administrator was not related to the deceased or any member of his family, and was appointed upon the waiver of the father and mother of Elroy Jordan, a minor, of their right to administer his estate. The administrator filed an action in the Court of Common Pleas against three defendants and a verdict in the sum of Ten Thousand ($10,000.00) Dollars was recovered on May 7, 1930, against two defendants, John J. Yungbluth and Walter H. Meier. This case was presented on error to the Court of Appeals, where the judgment was affirmed, and the Supreme Court refused to review the same. The judgment, therefore, of the Common Pleas Court against the defendants, Yungbluth and Meier became absolute.

The defendant Yungbluth had no property upon which to levy other than a liability insurance policy in the Constitution Indemnity Company in the sum of Five Thousand ($5000.00) Dollars. The defendant Meier has property, clear, free and unencumbered, in excess of a quarter of a million dollars.

Counsel for the administrator state that in their opinion the negligence of the defendant Yungbluth was the real cause of the death of the decedent, and they determined to collect as much of the Ten Thousand ($10,000.00) Dollar judgment against him as they could. The administrator accordingly brought suit against the Constitution Indemnity Company to recover $5000.00 by reason of the judgment against the defendants Yungbluth and Meier. This suit was removed to the United States District Court and was later remanded to the state courts. A motion was thereupon filed in the Probate

Court of Hamilton County, Ohio, by the heirs-at-law and next of kin of Elroy Jordan for the removal of Charles H. McDonald as administrator, on the ground, among others, that he had failed and refused to collect the assets in the form of a judgment in favor of the estate in Common Pleas Court in case No. A-14552. The Probate Court overruled that motion.

The question, therefore, presented to this court is whether or not the Probate Court was in error in overruling this motion.

Counsel for the administrator contend that the administrator has the right to use his discretion in the event that he has a judgment against two joint tortfeasors to collect said judgment against either one or the other of such defendants. He defends his action for filing suit against the Insurance Company of one of the defendants on the ground that in his judgment this defendant's negligence was the real cause of the death of the decedent.

The liability of both defendants has been fixed by the judgment of the Court of Common Pleas, affirmed by the Court of Appeals, and refused review by the Supreme Court. An action for wrongful death, under the statutes of Ohio, in a case such as this is for the exclusive benefit of the parents and next of kin of the deceased minor, four of whom are minors. Where such cause of action has been reduced to judgment against two joint tortfeasors, it is the duty of the administrator to proceed at once to collect the judgment against either or both defendants with as little expense to the estate as possible. Where the administrator refuses to collect the judgment against one of such defendants, who has unencumbered property in excess of a quarter of a million dollars, and proceeds to create further indebtedness to the estate by further litigation, he is guilty of an abuse of discretion and upon complaint of those for whose benefit the action was brought and judgment rendered, he should be removed.

The Court is therefore of the opinion that the Probate Court committed error in overruling the motion to remove the administrator, and the administrator is hereby removed.